**No. 46638.**—Protest 847643–G of New York Merchandise Co. (New York).

Opinion by DALLINGER, J. In accordance with stipulation of counsel and on the authority of Abstract 38680 the curling irons and savings banks in question were held dutiable at 40 percent under paragraph 339 as claimed.

**No. 46639.**—Protest 69784–K of S. Lisk & Bro. (New York).

Opinion by DALLINGER, J. In accordance with stipulation of counsel and on the authority of *Woolworth* v. *United States* (26 C. C. P. A. 221, C. A. D. 20) the claim at 40 percent under paragraph 339 was sustained.

**No. 46640.**—Protest 63959–K of L. Oppleman, Inc. (New York).

Opinion by DALLINGER, J. It was stipulated that the merchandise in question is the same in all material respects as the thermometer cases involved in Abstract 42789. The claim at 40 percent under paragraph 339 was therefore sustained.

**No. 46641.**—Protests 787385–G, etc., of American Gas Accumulator Co. et al. (New York).

Opinion by DALLINGER, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

BEFORE THE THIRD DIVISION, NOVEMBER 28, 1941

**No. 46642.**—Protest 947314–G of Eberhard Faber Pencil Co. (New York).

Opinion by KEEFE, J. The chemist's report showed that the sample consists of "irregular shaped grayish black pieces, composed of about 42.0% clay and 58.0% crystalline flake graphite, and is a mixture composed wholly of earthy or mineral substances not specially provided for." The court stated that the mixture comes directly within the provision of paragraph 216 for a ware composed in part of graphite. There was no evidence submitted to establish whether the mixture in question is wholly or partly manufactured. In the absence of such evidence the court found nothing in the record to overcome the presumption of correctness of the collector's classification. The protest was therefore overruled.